**In re Jose SEPULVEDA FIGUERAS and Elizabeth Zelaya, Debtors.**

**Ines Velez SANTIAGO, Iris H. Ramos Bracero, Rosa I. Rosado, Senen Montalvo & Juana Velez, Plaintiffs,**

v.

**Jose SEPULVEDA FIGUERAS, Elizabeth Zelaya, Maria Guillermina Sepulveda Zelaya, & Edith Sylvia Sepulveda Zelaya, Defendants.**

**Bankruptcy No. 95–01064 (ESL).
Adv. No. 95–0042.**

United States Bankruptcy Court,
D. Puerto Rico.

Feb. 22, 1996.

---

Osvaldo Ortiz Medina, Cabo Rojo, Puerto Rico, for plaintiffs Ines Velez Santiago, Iris H. Ramos Bracero, Rosa I. Rosado, Senen Montalvo and Juana Velez.

Gloria M. Justiniano Irizarry, Mayaguez, Puerto Rico, for debtors/defendants Jose Sepulveda Figueras and Elizabeth Zelaya.

Carlos E. Rodriquez Quesada, Law Offices of Carlos E. Rodriquez Quesada, Hato Rey, Puerto Rico, for trustee Carlos E. Rodriquez Quesada.

### OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

Before the court is a Motion for Summary Judgment (docket No. 3) filed by plaintiffs asserting that defendants entered into a transfer of property with the intent to defraud creditors and that such transfer should be declared void and rescinded. Defendants/debtors filed an Opposition ... and Memorandum of Law ... (docket Nos. 8 & 9) and the Chapter 7 trustee filed a Motion to Intervene, which was granted on December 21, 1995, whereby he adopts plaintiffs' allegations.

Two issues are before the court as presented by the parties. The first is whether the

transfer of debtors' only asset, the residential property, to their daughters was fraudulent. Second, whether the plaintiffs/creditors may collect from property of the conjugal society where neither the conjugal society nor the second debtor spouse was named as liable for the judgment issued. After review of the law, it is clear that each of these questions must be answered in the affirmative. Accordingly, the court grants plaintiff's request for summary judgment.

## DISCUSSION

The facts are not in dispute and are determinative in addressing the issue of fraudulent transfer of property. On February 21, 1991 defendant Jose Sepulveda, a licensed public car driver, had an accident when traveling from Cabo Rojo to Mayaguez, Puerto Rico. Plaintiffs were passengers in defendant's car at the time. Shortly thereafter, defendant was indicted for criminal violation under the Vehicles Law of Puerto Rico. On February 22, 1992 plaintiffs instituted a suit for damages against Jose Sepulveda.

While awaiting trial on the criminal charges, defendants Jose Sepulveda and Elizabeth Zelaya transferred the deed of their residential property at 48 Henna Street, Cabo Rojo, Puerto Rico, their only asset, to their daughters, Maria and Edith Sepulveda on April 13, 1992. This transfer was duly executed by donation deed and, therefore, without consideration. In addition, the deed provided that Jose Sepulveda and Elizabeth Zelaya retain use of the property for the remainder of their lives.

Thereafter on December 14, 1994 the Superior Court, Mayaguez Part, entered judgment for damages against Jose Sepulveda and in favor of plaintiffs for thirty-nine thousand, seven hundred and fifty dollars ($39,750.00). Jose Sepulveda and Elizabeth Zelaya initiated Chapter 7 bankruptcy proceedings on February 23, 1995.

## FRAUDULENT TRANSFER

The validity of the contract and the determination of whether the transfer the residen-

tial property was executed with the intent to defraud is based upon the laws of Puerto Rico. Local law provides that a "gift is an act of liberality by which a person disposes gratuitously of a thing in favor of another, who accepts it." 31 L.P.R.A. § 1981. In addition, the law provides that gifts which cause effects inter vivos are governed by the general provisions of contracts and obligations of the Laws of Puerto Rico. 31 L.P.R.A. § 1986.

■ Under the Laws of Puerto Rico, even though a contract is legally executed, it may be rescinded in particular circumstances. 31 L.P.R.A. § 3491. Contracts which are "executed in fraud of creditors, when the latter cannot recover, in any other manner, what is due them" shall be rescinded. 31 L.P.R.A. § 3492. This provision does not require that the debtor intended to harm his creditors, it merely requires that he knew of the results of his action, i.e. insolvency. *De Jesus Diaz v. Carrero*, 112 P.R.R. 789, 796 (1982).

■ Furthermore, the law provides that "[c]ontracts by virtue of which the debtor alienates property, for a good consideration, are presumed to be executed in fraud of creditors." 31 L.P.R.A. § 3498.[1] As construed by the Supreme Court of Puerto Rico, aside from determining whether alienation was for "good consideration", the trier should weigh other factors including the haste in which the alienation was conducted, the debtor's insolvency, the relation of kinship or closeness with the acquirer, the state of business of the conveyer and pending judicial claims against him. *De Jesus Diaz*, 112 P.R.R. at 794–95. This presumption is rebuttable.

■ We find that the facts in this case clearly support a finding that a fraudulent transfer of property occurred. First, the transfer occurred for no consideration. Second, the transfer was executed subsequent to the accident, indictment of criminal charges resulting therefrom and the initiation of a damages suit by plaintiffs. Un-

---

1. The phrase "for a good consideration" is defined as consideration founded upon "duty, moral obligation, affection generosity" as opposed to monetary or economic value. *See,* 31 L.P.R.A. § 3498, editorial note.

doubtably, at the time of the transfer, defendants were aware that one of the possible consequences of the accident, though not yet enforceable, could be liability for damages. Third, defendants' filing of a bankruptcy petition indicates insolvency. The alienation of the residential property was the direct result of defendants' inability to pay plaintiffs the damages to which they are entitled.[2]

In light of the facts and defendants failure to challenge allegations with other evidence on this matter, we find that the transfer was fraudulent. Therefore, the contract executing the transfer of the residential property executed by defendants is void.

### COMMUNITY PROPERTY

 Defendants' sole defense rests on allegations that local law prohibits the payment of Mr. Sepulveda's debt from property of the conjugal partnership because neither Ms. Zelaya, his wife, nor the conjugal partnership were sued in the local court case and, therefore, not liable. Furthermore, "[t]he Bankruptcy proceeding shall not be used to establish a claim against the conyugal (sic) partnership when there was none." Docket No. 9, p. 2.

Defendants' argument is legally unsustainable on all counts. Examination of the Laws of Puerto Rico governing property of the conjugal partnership support the opposite conclusion. Title 31 L.P.R.A. § 3661 states that "[a]ll debts and obligations contracted during marriage by either spouse" may be credited against the marital property. Furthermore, "[a]ll property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or wife." 31 L.P.R.A. § 3647.

Defendants have not presented evidence to indicate that the residential property belongs solely to Ms. Zelaya.

Furthermore, the Supreme Court has construed this provision where the actions of one spouse results in extra contractual civil liability in the form of a fine, penalty or liability for damages. In *Lugo Montalvo v. Gonzalez Manon,* 104 P.R.R. 519, 524 (1975), the Supreme Court of Puerto Rico found that whether such liability is personal or community rests on the particular facts, however, "it is generally recognized that if the husband's action or enterprise produces financial benefits to the bulk of the community property the liability shall also fall upon said property." This finding was reiterated in a later case factually similar to the one at bar. In *Albaladejo v. Vilella,* 106 P.R.R. 398, 404 (1977), the Supreme Court of Puerto Rico held that community property was liable for damages resulting from an auto accident which occurred while one spouse was performing duties at the benefit the conjugal partnership. *See, also, Garcia Gonzalez v. Montero Saldana,* 107 P.R.R. 353, 375 (1978).

 The construction of local provisions is consonant with those governing property of the estate under federal bankruptcy law.[3] Upon the filing of a bankruptcy petition, property of the estate includes "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is ... under the sole, equal, or joint management and control of the debtor ..." 11 U.S.C. § 541(2)(A). In Puerto Rico, all property acquired during marriage shall be considered community property and is jointly administered. 31 L.P.R.A. §§ 3647 & 284. *See, also,* 4 *Collier*

---

**2.** Defendants minimize the effect of the transfer on their insolvency by asserting that the it occurred almost four years prior to the bankruptcy filing. This observation is meaningless given the facts of this case. The accident occurred in February, 1991; the transfer of property was executed in April, 1992; judgment for plaintiffs was awarded in December, 1994; and, bankruptcy was declared in February, 1995. The relation between the dates of the transfer and the filing of bankruptcy is irrelevant except to indicate the pace at which the case was resolved in local court. What is important is the fact that the transfer occurred after the accident which could

have resulted in an obligation to plaintiffs although not yet enforceable. *See, e.g. Castellon v. Padin,* 60 P.R.R. 369, 373–74 (1942). The filing of bankruptcy shortly after the issuance of judgment clearly indicates the transfer resulted in insolvency.

**3.** Even if defendants' conclusions regarding the local law were correct, it is important to note that where local law is contrary to federal bankruptcy law, the former is preempted. *F.D.I.C. v. Torrefaccion Cafe Cialitos, Inc.,* 62 F.3d 439, 443 (1st Cir.1995).

*on Bankruptcy,* ¶ 541.15[7] (15th ed. 1995) (Puerto Rico identified as a community property jurisdiction pursuant to local law).

## CONCLUSION

In light of the foregoing legal conclusions, plaintiffs Ines Velez Santiago, et als.' Motion for Summary Judgment is hereby GRANTED. The contract executed by defendants' Jose Sepulveda Figueras and Elizabeth Zelaya donating their residential property at 48 Henna Street, Cabo Rojo, Puerto Rico, to their daughters Maria Guillermina Sepulveda Zelaya and Edith Sylvia Sepulveda Zelaya is void and rescinded.

Clerk of the Court shall enter judgment.

SO ORDERED.